UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TODD DAVIDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:15-cv-1628 |
| | ) |
| THE DEPARTMENT OF PUBLIC | ) |
| UTILITIES OF THE CITY OF | ) |
| INDIANAPOLIS d/b/a CITIZENS | ) |
| ENERGY GROUP, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Todd Davidson ("Davidson"), brings this lawsuit against Defendant, The Department of Public Utilities of the City of Indianapolis d/b/a Citizens Energy Group ("Defendant"), pursuant to the Americans with Disabilities Act Amendment Act ("ADAAA"), 42 U.S.C. § 1981 ("Section 1981"), and Title VII of the Civil Rights Act of 1964 ("Title VII").

**PARTIES**

2. Davidson has resided within the Southern District of Indiana at all relevant times.

3. Defendant operates and conducts business in the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 42 U.S.C. § 2000e-5(f)(3).

5. Davidson is an "employee" within the meaning of 42 U.S.C.§ 2000e(f) and 42 U.S.C § 12111(4).

6. Defendant is an "employer" within the meaning of 42 U.S.C. § 2000e(b) and U.S.C § 12111(5).

7. Davidson satisfied his obligations to exhaust his administrative remedies, having timely filed his Charge of Discrimination with the Equal Employment Opportunity Commission. He received his "Dismissal and Notice of Rights" on his Charge and now timely files his lawsuit within 90 days after receipt of the Notice.

8. All facts, events, and transactions giving rise to this lawsuit occurred within the Southern District of Indiana and therefore, venue is proper in this Court.

## FACTUAL ALLEGATIONS

9. Davidson began working for Defendant in 1981.

10. Davidson is African American.

11. Davidson is a qualified individual with a disability and/or has a record of a disability, and/or is perceived by Defendant to have a disability.

12. Davidson is able to perform all of the essential functions of his job with or without a reasonable accommodation.

13. Davidson suffers from alcoholism.

14. Throughout his employment with Defendant, Davidson met or exceeded all of Defendant's legitimate employment expectations.

15. At all times relevant to his Complaint, Davidson worked as a Utility Service Specialist.

16. On or about September 9, 2014, Davidson was discharged from Indiana University Health after completing in-patient chemical dependency therapy.

17. At all relevant times, Defendant was aware of Davidson's treatment at Indiana University Health.

18. Shortly after Davidson returned to work with Defendant, he was terminated for allegedly failing to timely appear for a drug test. Following a labor arbitration decision,

Davidson's employment with Defendant was reinstated on January 5, 2015.

19. On or about January 27, 2015, Defendant again required Davidson to submit to an alcohol test which Defendant claims Davidson failed.

20. On or about January 27, 2015, Defendant terminated Davidson, claiming that Davidson violated his Last Chance Agreement by failing the breathalyser test administered to him.

21. Any reason proffered by Defendant for Davidson's termination is pretext for unlawful discrimination.

22. Davidson was terminated because of his disability and/or perceived disability and/or record of disability and/or his race.

23. Davidson has suffered injury as a result of Defendant's unlawful actions.

## COUNT I

## DISABILITY DISCRIMINATION

24. Davidson hereby incorporates paragraphs 1-23 of his Complaint, as if the same were set forth at length herein.

25. Davidson is a qualified individual with a disability, has a record of disability, and/or is perceived by Defendant to have a disability.

26. Other similarly situated employees who are not disabled, do not have a record of disability, and/or who are not perceived by Defendant to have a disability and have violated Last Change Agreements and/or have failed a drug or alcohol test required by Defendant have not been terminated by Defendant.

27. Any reason proffered by Defendant for Davidson's termination is pretext for unlawful discrimination.

28. Davidson has been damaged as a result of Defendant's discriminatory actions.

## COUNT II

## TITLE VII RACE DISCRIMINATION

29. Davidson hereby incorporates paragraphs 1-28 of his Complaint, as if the same were set forth at length herein.

30. Defendant subjected Davidson to disparate treatment because of his race.

31. Defendant terminated Davidson due to his race.

32. Other similarly situated employees who are not African American and have violated Last Change Agreements and/or have failed a drug or alcohol test required by Defendant have not been terminated by Defendant.

33. Defendant's actions were willful, intentional, and done with reckless disregard of Davidson's rights in violation of Title VII.

34. Davidson has suffered damages as a result of Defendant's unlawful conduct.

## COUNT III

## SECTION 1981 RACE DISCRIMINATION

35. Davidson hereby incorporates paragraphs 1-34 of his Complaint, as if the same were set forth at length herein.

36. Defendant subjected Davidson to disparate treatment because of his race.

37. Defendant terminated Davidson because of his race.

38. Other similarly situated employees who are not African American and have violated Last Change Agreements and/or have failed a drug or alcohol test required by Defendant have not been terminated by Defendant.

39. Defendant's actions were willful, intentional, and done with reckless disregard of Davidson's rights in violation of Section 1981.

40. Davidson has suffered damages as a result of Defendant's unlawful conduct.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Todd Davidson, by counsel, respectfully requests that this Court find for him and order that:

1. Defendant reinstate Davidson to the same position, salary, and seniority, or pay front pay and benefits to him in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Davidson;

3. Defendant pay compensatory and punitive damages to Davidson;

4. Defendant pay pre- and post-judgment interest to Davidson;

5. Defendant pay Davidson's attorneys' fees and costs incurred in litigating this action; and

6. Defendant pay to Davidson any and all other legal and/or equitable damages that this Court determines appropriate and just to grant.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)

*s/ Meghan U. Lehner*
Meghan U. Lehner (25899-49)

*s/ Natalie R. Dickey*
Natalie R. Dickey (25294-41)

## DEMAND FOR JURY TRIAL

The Plaintiff, Todd Davidson, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

*s/ John H. Haskin*
John H. Haskin (7576-49)


**JOHN H. HASKIN & ASSOCIATES**
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana 46204
(317) 955-9500
(317) 955-2570 fax
jhaskin@jhaskinlaw.com
mlehner@jhaskinlaw.com
ndickey@jhaskinlaw.com
www.jhaskinlaw.com

Attorneys for Plaintiff Raymond Green